JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DARRELL R. HERRERA,
Petitioner,
vs.
MONTGOMERY, Warden,
Respondent.

Case No. CV 15-2003-JFW (JPR)

ORDER DISMISSING HABEAS PETITION AND ADMINISTRATIVELY CLOSING CASE

On March 12, 2015, Petitioner constructively filed what he styled as a "Motion for Equitable Tolling," without a separate habeas petition. Because the motion asserts claims and because the Court could not issue an advisory opinion on whether Petitioner was entitled to equitable tolling for a petition that had not yet been filed, the Magistrate Judge construed the motion as a habeas petition and dismissed it with leave to amend. She expressly warned Petitioner that if he failed to file a suitable amended habeas petition, using the required Central District form, by April 24, 2015, "this action may be dismissed for failure to prosecute." To date Petitioner has not filed an amended petition.

Courts may dismiss lawsuits that are not diligently prosecuted. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a pro se petitioner's action for failure to prosecute, a court must consider (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Unreasonable delay creates a rebuttable presumption of prejudice to the opposing party that can be overcome only with an affirmative showing of just cause by the petitioner. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth factors militate in favor of dismissal. The Court cannot simply leave hanging on its docket a case without a viable initial pleading. Indeed, because Petitioner did not use the required Central District form, the Court cannot adequately screen the Petition to determine whether its claims have been exhausted in state court or whether it is timely. Further, Petitioner has not rebutted the presumption of prejudice to Respondent caused by his unreasonable delay in prosecuting this action. Finally, there does not appear to be any less drastic sanction the Court can take, as Petitioner has not availed himself of the opportunity to amend the Petition even after being expressly warned that if he failed to do so his case might be dismissed. To the extent the prior dismissal with leave to amend does not constitute a

"sanction," see Pagtalunan, 291 F.3d at 643, the Court notes that dismissal without prejudice is a less drastic sanction than with prejudice, which is authorized when a party has failed to diligently prosecute a lawsuit. See id. at 642-43 (affirming dismissal of habeas petition with prejudice for failure to diligently prosecute). Although the fourth factor weighs against dismissal – as it does in every case – the other factors together outweigh the public's interest in disposing of the case on its merits.

Accordingly, this action is dismissed without prejudice for the reasons stated in the Magistrate Judge's March 25, 2015 Order and under the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 22, 2015

JOHN F. WALTER
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

[1]In dismissing this action without prejudice, the Court expresses no view on whether any subsequent habeas petition would be timely.